1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10   IMAGES BY KAREN MARIE,
     et al.,
11
                    Plaintiffs,              No. CIV S 12-3005 KJM KJN
12
           v.
13
     THE HARTFORD FINANCIAL
14   SERVICES GROUP, INC., et al.,           ORDER

15                  Defendants.
     _____/
16

17          On December 19, 2012, defendants Hartford Financial Services Group Inc.

18   ("Hartford") and Sentinel Insurance Company Ltd. ("Sentinel") (collectively, "defendants") filed

19   a motion to dismiss and motion for judgment on the pleadings.  Plaintiffs Images by Karen Marie

20   LLC, Eric Hourscht and Karen Hourscht (collectively "plaintiffs") have opposed the motion and

21   defendants have filed a reply.  The court ordered the motion submitted without argument and

22   now DENIES defendants' motion.

23   I.  BACKGROUND

24          Plaintiffs filed a complaint in Sacramento County Superior Court alleging that

25   they carried a business owner's insurance policy issued by defendants and submitted a claim

26   when their premises were burglarized, but defendants denied plaintiffs the full benefits under the

                                            1

1     policy and did so "intentionally, despicably and with conscious disregard for the rights of

2     Plaintiffs" within the meaning of California Civil Code § 3924.  ECF No. 2.  Defendants

3     removed the case to this court on December 13, 2012.  ECF No. 1.

4     II. <u>MOTION TO DISMISS</u>

5        A.  Standard for a Motion to Dismiss

6          Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to

7     dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

8     dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

9     under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

10    1990).

11         Although a complaint need contain only "a short and plain statement of the claim

12    showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion

13    to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a

14    claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

15    (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include

16    something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or

17    "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.*

18    (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to

19    dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to

20    draw on its judicial experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses

21    on the interplay between the factual allegations of the complaint and the dispositive issues of law

22    in the action.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

23         In making this context-specific evaluation, this court must construe the complaint

24    in the light most favorable to the plaintiff and accept as true the factual allegations of the

25    complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal

26    conclusion couched as a factual allegation,'"  *Papasan v. Allain*, 478 U.S. 265, 286 (1986)

1   (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject

2   to judicial notice" or to material attached to or incorporated by reference into the complaint.

3   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).  A court's

4   consideration of documents attached to a complaint or incorporated by reference or matter of

5   judicial notice will not convert a motion to dismiss into a motion for summary judgment.

6   *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*,

7   51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d

8   977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to

9   dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

10          B.  Requests for Judicial Notice

11                  Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice

12  of an adjudicative fact which "must be one not subject to reasonable dispute in that it is either

13  (1) generally known . . . (2) or capable of accurate and ready determination by resort to sources

14  whose accuracy cannot reasonably be questioned."  It is the proponent's burden to show that the

15  facts contained in the documents are proper subjects of judicial notice.  *Hurd v. Garcia*, 454 F.

16  Supp. 2d 1032, 1054-55 (S.D. Cal. 2006).

17                  Hartford has asked the court to take judicial notice of the insurance policy as

18  issued.  ECF No. 7.  Plaintiffs do not oppose this request.

19                  "A district court ruling on a motion to dismiss may consider a document the

20  authenticity of which is not contested, and upon which the plaintiff's complaint necessarily

21  relies."  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other*

22  *grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir.

23  2006).  The Ninth Circuit has explained that such reliance is permissible when "plaintiff's claim

24  depends on the contents of a document" that is not attached to the complaint.  *Knievel v. ESPN*,

25  393 F.3d 1068, 1076 (9th Cir. 2005); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir.

26  2007) (stating that court may consider the document if its authenticity is not questioned in order

3

1  to prevent a plaintiff from prevailing on a Rule 12(b)(6) motion by omitting documents

2  underlying a claim).

3        Plaintiffs' claim of bad faith by their insurers will require them to show that

4  benefits due under the policy were withheld unreasonably.  *Wang v. Allied Ins*., No. CIV.

5  S–10–1086 LKK/JFM, 2011 WL 1253956, at *3 (E.D. Cal. Mar. 31, 2011).  Taking judicial

6  notice of the policy is appropriate under these circumstances.  *Enger v. Allstate Ins. Co.*, 682 F.

7  Supp. 2d 1094, 1096 (E.D. Cal. 2009), *aff'd*, 407 F. App'x 191 (9th Cir. Dec. 28, 2010).

8        Plaintiffs ask the court to take judicial notice of an email sent to one plaintiff by a

9  claims representative from an entity called "The Hartford."  As the email is neither generally

10  known nor readily capable of accurate determination, the court declines to take judicial notice of

11  this communication.  *But see id*. (taking judicial notice of a letter from the insurance company to

12  the insured).

13        C.  Hartford as a Defendant

14        Hartford argues that the insurance policy shows that it was issued by Sentinel and

15  because Hartford was not the insurer, it cannot be liable for a bad faith refusal to pay.  Plaintiffs

16  counter that the policy mentions an entity called "The Hartford" or "Hartford" in a number of

17  places.  Hartford retorts that The Hartford is not the same as Hartford Financial Services.  Both

18  parties are correct about the contents of the policy:  it is sprinkled with references to "The

19  Hartford" but identifies the insurer as Sentinel Insurance Company.  *See, e.g.,* ECF 7-1 at 7, 8,

20  123.

21        Although the court has taken judicial notice of the insurance policy, as its

22  provisions are ultimately relevant to plaintiffs' cause of action, it cannot take judicial notice of a

23  fact that is subject to reasonable dispute.  *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir.

24  2001); *Gardner v. RSM & A Foreclosure Serv., LLC*, No. 12–CV–2666–JAM–AC, 2013 WL

25  1129392, at *2 (E.D. Cal. Mar. 18, 2013).  Some courts suggest any ambiguities in a noticed

26  document must be construed in plaintiffs' favor at this stage of litigation.  *See, e.g., Maraldo v.*

4

*Life Ins. Co. of the Sw.*, No. 11-CV-4972-YGR, 2012 WL 1094462, at *6 (N.D. Cal. Mar. 30, 2012); *DLC DermaCare, LLC v. Castillo*, 2011 WL 5839528, at *1 (D. Ariz. Nov. 21, 2011).  In this case whether The Hartford and Hartford Financial Services are the same entity or so connected as to be treated as the same entity is disputed.  This court cannot resolve the relationship, if any, between the parties by the documents subject to judicial notice.

      D.  <u>Punitive Damages</u>[1]

Plaintiffs allege that defendants acted in bad faith by misrepresenting facts and insurance policy provisions; failing to acknowledge and act reasonably promptly in response to communications about the claim; failing to confirm or deny coverage within a reasonable time after proof of loss had been submitted; failing promptly to resolve the claim and to explain why the claim was denied; and refusing to pay for the replacement of items essential to the business, knowing there was no basis for the refusal.  ECF No. 1 ¶ 9.  They also allege that defendants acted "intentionally, despicably and with conscious disregard for the rights of Plaintiffs" within the meaning of California Civil Code § 3924.  ECF No. 1 ¶ 10.  Defendants argue that these allegations do not adequately plead a claim for punitive damages.

Under Section 3924(a), a defendant is liable for punitive or exemplary damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice."  A plaintiff need only plead and prove that a defendant committed one of the three "'defined delicts.'"  *Major v. W. Home Ins. Co.*, 169 Cal. App. 4th 1197, 1225-26 (2009) (quoting *Pistorius v. Prudential Ins. Co.* 123 Cal. App. 3d 541, 556 n.8 (1981)).

/////

/////

---

[1]  Defendants bring this portion of the motion under Rules 12(b)(6) and 12(c).  Although a 12(c) motion may be based on a failure to state a claim, such a motion is not properly brought until all the pleadings are closed.  FED. R. CIV. P. 12(h)(2)(B); *Doe v. United States*, 419 F.3d 1058, 1061-62 (9th Cir. 2005) (noting that the pleadings are closed for purposes of Rule 12(c) after all pleadings allowed by Rule 7 have been filed).  Because defendants have not yet answered, the pleadings are not closed and a Rule 12(c) motion is premature.

Plaintiffs' theory of punitive damages appears to be based on oppressive conduct: "'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." CAL. CIV. CODE § 3924(c)(2).  That an insurer may have violated its duty of good faith and fair dealing does not necessarily mean it acted with a conscious disregard of the insured's rights.  *Silberg v. California Life Ins. Co.*, 11 Cal. 3d 452, 462-63 (1974); *Stewart v. Truck Ins. Exch. Co.*, 17 Cal. App. 4th 468, 483 (1993).  "'[S]ome evidence should be required that is inconsistent with the hypothesis that the tortious conduct was the result of mistake of law or fact, honest error of judgment, over-zealousness, mere negligence or other such noniniquitous human failing.'" *Food Pro Int'l, Inc. v. Farmers Ins. Exch.*, 169 Cal. App. 4th 976, 994 (2009) (quoting *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1288 n.14 (1994)).

Plaintiffs describe a series of acts that might be negligent or overzealous but then allege that defendants misrepresented both facts and scope of coverage and denied payment for replacement items, knowing that the denial was not justified.  Both misrepresentation and a refusal to pay a claim defendants believed was proper rise to the level of "'vile, base, contemptible, miserable, wretched or loathsome'" conduct that would be "'despised by ordinary decent people.'" *Patterson v. Morgan Stanley Smith Barney*, No. CV F 10-2084 LJO BAM, 2012 WL 639483, at *16 (E.D. Cal. Feb. 24, 2012) (quoting *Mock v. Michigan Millers Mutual Ins. Co.*, 4 Cal. App. 4th 306, 331 (1992)). The pleading is sufficient to withstand the present motion.

IT IS THEREFORE ORDERED that defendants' motion to dismiss, ECF No. 6, is denied.

DATED:  April 30, 2013.

_____
UNITED STATES DISTRICT JUDGE